EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br><br>Carmen T. Agudo Loubriel<br>(TS-5311) | 2017 TSPR 71<br><br>197 DPR ____ |
| --- | --- |

Número del Caso: AB-2015-331


Fecha: 28 de abril de 2017


Abogado del Promovido:

      Por derecho Propio


Oficina de Inspección de Notarías:

      Lcdo. Manuel Ávila De Jesús
      Director




Materia: Conducta Profesional – La suspensión será efectiva el 5 de mayo de 2017, fecha en que se le notificó a la abogada de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Carmen T. Agudo Loubriel              AB-2015-331          Conducta
        (TS-5311)                                          Profesional


*PER CURIAM*

En San Juan, Puerto Rico, a 28 de abril de 2017.

La Lcda. Carmen T. Agudo Loubriel (licenciada Agudo) fue admitida al ejercicio de la abogacía el 29 de diciembre de 1976 y a la práctica de la notaría el 17 de enero de 1977. El 5 de agosto de 2016, el Lcdo. Manuel E. Ávila de Jesús, Director de la Oficina de Inspección de Notarías (ODIN), nos sometió un *Informe* relacionado con una Queja presentada por el Sr. Robert A. Nelson (promovente) en contra de la licenciada Agudo. En su *Informe*, la ODIN indicó que, a raíz de la Queja, la abogada finalmente presentó, ante el Registro de la Propiedad, varias escrituras para las cuales fue contratada por el promovente, así como múltiples documentos necesarios para establecer

el tracto registral de ciertas propiedades. Señaló, además, que la licenciada Agudo había acordado devolverle al promovente la cantidad de $314.00 cobrados en exceso por el trabajo realizado. A base de lo anterior, la ODIN nos recomendó darle un término a la abogada para devolver la suma antes mencionada y, una vez ésta certificase el cumplimento con nuestra orden a dichos efectos, archiváramos la Queja con una amonestación a la letrada por su conducta.

Conforme a lo anterior, el 23 de agosto de 2016, le concedimos a la licenciada Agudo un término de veinte (20) días para expresarse en torno al *Informe* de la ODIN. Igualmente le advertimos que, de no comparecer en el término provisto, se entendía que se allanaba a las recomendaciones formuladas en dicho *Informe*.

La licenciada Agudo no compareció según ordenado por lo que, mediante Resolución del 24 de febrero de 2017, le concedimos un término de diez (10) días para acreditar la devolución de los $314.00 so pena de sanciones. De otra parte, le indicamos que, una vez confirmado el reembolso del dinero al promovente, se archivaría la presente Queja.[1] Nuevamente, la licenciada Agudo incumplió con nuestra Orden.

Así las cosas, el 29 de marzo de 2017 le concedimos a la letrada un término **final e improrrogable** de diez (10) días,

---

[1] La Resolución se le notificó personalmente a la Lcda. Carmen T. Agudo Loubriel (licenciada Agudo) el 6 de marzo de 2017, por un Alguacil de este Tribunal.

contado a partir de la notificación de nuestra Resolución, para mostrar causa por la cual no debía ser separada de la profesión por incumplir con las órdenes de este Tribunal.[2]

Transcurrido tiempo en exceso al que se le había otorgado sin recibir reacción alguna de parte de la licenciada Agudo, nos vemos obligados a ejercer nuestra facultad disciplinaria.

I

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX (2012), dispone que la conducta de los abogados para con los tribunales debe caracterizarse por ser, ante todo, respetuosa. Esta exigencia comprende la obligación de todo letrado de cumplir pronta y diligentemente con las órdenes emitidas por los tribunales, en particular cuando las mismas se originan dentro del marco de un procedimiento disciplinario. *In re* Candelario Lajara, 2017 TSPR 48, 197 DPR ___ (2017).

Desatender los requerimientos del Tribunal vulnera los principios consagrados en el Canon 9 y constituye una afrenta a la autoridad judicial. *In re* López Castro, 2017 TSPR 50, 197 DPR ____ (2017); *In re* Candelario Lajara, *supra*; *In re* Rodríguez Gerena, 2017 TSPR 40, 197 DPR ___; *In re* Mejías Montalvo, 2017 TSPR 28, 197 DPR ___ (2017). Es por ello que, la indiferencia a nuestras órdenes ha resultado consistentemente en la suspensión inmediata del ejercicio de la abogacía. *In re* López Castro, *supra*; *In re*

---

[2] Nuestra Orden se le notificó personalmente a la licenciada Agudo el 3 de abril de 2017, por un Alguacil de este Tribunal.

Candelario Lajara, *supra*; *In re* Rodríguez Gerena, *supra*; *In re* Mejías Montalvo, *supra*. De manera que, un abogado que ignora nuestras advertencias, así como las oportunidades brindadas para mostrar causa y presentar sus excusas para el incumplimiento, amerita ser suspendido de la práctica legal. In re Candelario Lajara, *supra*.

**II**

En vista de la indiferencia mostrada por la licenciada Agudo a nuestras órdenes y ante la falta de justificación para su incumplimiento a pesar de las múltiples oportunidades concedidas para hacerlo, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía. Le ordenamos notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y el sello notarial de la señora Agudo y entregarlos al Director de la ODIN para el correspondiente examen e informe. Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la

señora Agudo a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Carmen T. Agudo Loubriel          AB-2015-331          Conducta
        (TS-5311)                                      Profesional

SENTENCIA

En San Juan, Puerto Rico a 28 de abril de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida de la Lcda. Carmen T. Agudo Loubriel del ejercicio de la abogacía.

La señora Agudo Loubriel deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Asimismo, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, contado a partir de la notificación de la Opinión *Per Curiam* que antecede y de esta Sentencia.

Se le ordena al Alguacil de este Foro incautar inmediatamente la obra y el sello notarial de la señora Agudo Loubriel y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe.

Notifíquese personalmente la Opinión *Per Curiam* que antecede y esta Sentencia a la señora Agudo Loubriel a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.  La Juez Asociada señora Rodríguez Rodríguez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo